833 So.2d 290 (2002)
Kelvin CONEY, Appellant,
v.
STATE of Florida, Appellee.
No. 5D02-3614.
District Court of Appeal of Florida, Fifth District.
December 27, 2002.
Kelvin Coney, Bowling Green, Pro Se.
No Appearance for Appellee.
ORFINGER, J.
Kelvin Coney appeals the summary denial of his fourth motion to correct an illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). We affirm.
Coney was convicted of armed robbery while wearing a mask, attempted armed robbery while wearing a mask, possession of a firearm by a convicted felon and other sundry offenses. He was sentenced to prison as a habitual violent felony offender. Coney claims that the trial judge failed to orally find him to be a habitual violent felony offender. Coney raised this issue in an earlier rule 3.800(a) proceeding, and it was found to be without merit because the record reflects the court made all necessary findings. The order denying the rule 3.800(a) motion was affirmed on appeal. See Coney v. State, 803 So.2d 742 (Fla. 5th DCA 2001). As such, *291 raising the issue again is successive and constitutes an abuse of procedure.
Coney further alleges that his conviction for armed robbery while wearing a mask is a life felony, and, therefore, his habitual violent offender sentence for that offense is illegal. He bases that argument on the fact that in 1994, when he committed his offenses, habitual violent offender classification was not applicable to defendants who were to be sentenced for crimes punishable as life felonies. See § 775.084(4)(b)(1), Fla. Stat. (1993). Coney's reliance on that statute is misplaced. At the time Coney committed his offenses, section 775.0845, Florida Statutes (1993), authorized enhanced penalties for offenders who were masked while committing an offense. The statute did not reclassify felonies based on the use of a mask. By contrast, the current version of section 775.0845 is a felony reclassification statute. See § 775.0845, Fla. Stat, (2002). Nevertheless, under either version of 775.0845, the highest felony subject to reclassification or enhanced penalties for the use of a mask is a second degree felony. Coney's offense, a first degree felony punishable by life, does not implicate section 775.0845. Accordingly, Coney's classification as a habitual violent felony offender was proper.
AFFIRMED.
THOMPSON, C.J. and HARRIS, J., concur.